Guan v. Lynch

BIA
A072 765 896

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand sixteen.

PRESENT:
> ROBERT D. SACK,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

SHI HUI GUAN,
> *Petitioner,*

v.                                          12-1772
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Ning Ye, Flushing, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Blair T. O'Connor,
                       Assistant Director; Jane T.
                       Schaffner, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shi Hui Guan, a native and citizen of the People's Republic of China, seeks review of a March 30, 2012, decision of the BIA, denying his motion to reopen. *In re Shi Hui Guan,* No. A072 765 896 (B.I.A. Mar. 30, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Our review is limited to the BIA's denial of Guan's motion to reopen, and we do not consider his challenges to the agency's underlying adverse credibility determination. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

The BIA did not abuse its discretion in denying Guan's motion to reopen because he failed to demonstrate his prima facie eligibility for relief. *See INS v. Abudu*, 485 U.S. 94, 104 (1988). In light of the agency's underlying adverse credibility determination, the BIA reasonably declined to credit Guan's affidavit, *see Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007), which was the only evidence provided

to support his assertion that he has practiced Falun Gong in the United States since 1998 even though he claimed that he meets weekly with other practitioners (who could have corroborated his claims). Furthermore, the BIA did not err in finding that Guan failed to establish his prima facie eligibility for relief because he did not submit any evidence showing that the Chinese government was aware of or likely to become aware of his purported practice of Falun Gong. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

Accordingly, the BIA did not abuse its discretion in denying Guan's motion to reopen. *See Abudu*, 485 U.S. at 104-05; *see also Jian Hui Shao*, 546 F.3d at 168. We do not consider Guan's remaining arguments as he did not exhaust them before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-22 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

```
                               FOR THE COURT:
                               Catherine O'Hagan Wolfe, Clerk
```