17-1470, 18-1834
Guan v. Barr

BIA
A072 765 896

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand nineteen.

PRESENT:
    JON O. NEWMAN,
    DENNIS JACOBS,
    PIERRE N. LEVAL,
        *Circuit Judges.*

_____

SHI HUI GUAN,
        *Petitioner,*

        v.                                  17-1470
                                            18-1834
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER IN 17-1470: Theodore N. Cox, New York, NY.

FOR PETITIONER IN 18-1834: Ning Ye, Flushing, NY.

1

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Katherine A. Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are CONSOLIDATED and DENIED.

Petitioner Shi Hui Guan, a native and citizen of the People's Republic of China, seeks review of the April 26, 2017, and May 29, 2018, BIA decisions denying his motions to reconsider and reopen filed in his exclusion proceedings. *In re Shi Hui Guan,* No. A072 765 896 (B.I.A. Apr. 26, 2017, May 29, 2018). The Government moves to consolidate the petitions over Guan's opposition. We conclude that consolidation is appropriate because Guan's petitions seek review of the BIA's denial of related motions to reconsider and reopen filed in his exclusion proceedings. *See* 8 U.S.C. § 1252(b)(6).

We assume the parties' familiarity with the underlying facts and procedural history in this case. The applicable standards of review are well established. *See Jian Hui Shao*

2

*v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

Docket 17-1470

Guan moved to reopen his exclusion proceedings to present evidence of his claimed fear of persecution based on the births of his children in the United States purportedly in violation of China's population control program. It is undisputed that Guan's motion to reopen was untimely and number barred because it was his second motion to reopen filed more than 21 years after he was ordered deported. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). The time and numerical limitations do not apply if the motion is to reopen proceedings in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

We find no error in the BIA's determination that Guan failed to demonstrate materially changed country conditions related to the enforcement of the family planning policy. *See Jian Hui Shao*, 546 F.3d at 159-66, 169-73 (noting that

3

country conditions evidence from 1998 to 2007 indicated that enforcement of family planning policy was generally lax in Fujian Province with isolated reports of force being used); *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Further, the BIA reasonably noted that the Chinese government had recently relaxed enforcement of the family planning policy rather than tightened it as Guan had suggested.

Accordingly, because Guan did not establish a material change in conditions in China, the BIA did not abuse its discretion in denying his motion to reopen as untimely and number barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c). We do not reach the BIA's alternative basis for denying Guan's motion—his failure to establish his prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

4

Guan moved to reconsider and reopen, arguing that the agency violated his due process rights and erred in finding him not credible in his underlying exclusion proceedings, and that he fears persecution under the family planning policy and as a Falun Gong practitioner. As the BIA found, insofar as Guan moved for reconsideration, his December 2017 motion was untimely because it was not filed within 30 days of any of the BIA's decisions, the most recent of which had been issued more than 7 months earlier in April 2017, and there is no exception to the time limitation for motions to reconsider. *See* 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b).

As a motion to reopen, Guan's motion was both untimely and number barred because it was his third motion to reopen filed more than 22 years after he was ordered deported. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Although a material change in country conditions may excuse the untimely or number barred filing of a motion to reopen, the BIA did not abuse its discretion in declining to revisit whether Guan had established such conditions as to his fear of forced sterilization based on the births of his four children because it had previously considered and rejected

5

such a claim in the denial of his second motion to reopen (which is the motion at issue in docket number 17-1470) and he did not submit any new evidence related to conditions in China. *See* 8 U.S.C. § 1229a(c)(7)(B) ("The motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."); *see also United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (discussing the law of the case doctrine and recognizing "that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case, unless cogent and compelling reasons militate otherwise" (internal quotation marks and citation omitted)).

The BIA also did not err in declining to reopen due to Guan's failure to demonstrate his prima facie eligibility for relief based on his alleged practice of Falun Gong. *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (recognizing that a movant's failure to establish a prima facie case for the underlying substantive relief sought is a proper ground for the agency to deny a motion to reopen). As the BIA noted, in denying Guan's first motion to reopen, it had declined to credit his claim that he practices Falun Gong and would suffer

persecution as a result in light of the underlying adverse credibility determination and the lack of evidence that Chinese government officials were aware or likely to become aware of his practice. We found no error in that decision. *Shi Hui Guan v. Lynch*, 648 F. App'x 129 (2d Cir. 2016). Guan now asserts that Chinese officials have discovered his Falun Gong practice and harassed his father and sister as a result, but aside from his own statement, he provided no evidence to corroborate these assertions. As we found in reviewing the BIA's denial of Guan's first motion to reopen, the BIA was not compelled to credit Guan's unsupported assertions, particularly in light of the underlying adverse credibility determination, *see* 8 U.S.C. § 1229a(c)(7)(B) (providing that motion must be supported by affidavits or other evidentiary material); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007) (relying on the doctrine *falsus in uno, falsus in omnibus* to conclude that the agency may decline to credit individualized documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding).

Accordingly, because Guan did not submit any compelling evidence that Chinese officials are aware of his practice of

7

Falun Gong or any country conditions evidence from which the BIA could discern whether officials are likely to discover his practice, the BIA did not err in finding that Guan failed to demonstrate his prima facie eligibility for relief based on his Falun Gong claim. *See Abudu*, 485 U.S. at 104; *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities.").

We lack jurisdiction to review the BIA's decision insofar as it declined to reopen Guan's proceedings pursuant to its discretionary authority. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petitions for review are CONSOLIDATED and DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

8